LCANNELLA, Judge.
The mayor of Harahan, Provino Mosca (Mosca), appeals from a declaratory judgment finding valid the 1993 election which limited terms for elected officials. We affirm.
The City of Harahan (the City) is a Lawrason Act municipality and operates pursuant to a mayor-board of alderman form of government.[1]
On June 2, 1993, the Louisiana legislature adopted La. R.S. 33:383.1 stating that “[T]he board of aldermen of the city of Harahan may enact an ordinance limiting the number of terms of office which any elected official of the municipality may serve to two consecutive terms in the same office.” The statute was published in the official journal on June 28, 1993 and became effective on August 15,1993.
On August 10, 1993, the City adopted Ordinance 1046, which provided that elected officials would be limited to two four-year consecutive terms and that |sthe limitation would become effective only after the proposal was submitted to a vote and approved by a majority of the qualified electors of the City. The ordinance states that its effective date shall be the day after the time period in which to contest the results of said election had expired. The election was called by the Commissioner of Elections for the State of Louisiana and held on October 16, 1993. The proposal for the term limits was passed by a majority of the voters. The results were certified on October 19, 1993. The ordinance became effective on November 20, 1993, one day after the 30-day time period of La. R.S. 18:1405 D, within which to contest the election.
On November 6, 2000, the Mayor filed a petition for Declaratory Judgment to determine whether the ordinance limiting the terms of elected officials of the City is “constitutionally valid despite the fact that it was enacted before the State legislation conferring such authority.” The Mayor attached a copy of an opinion by the Attorney General for the State of Louisiana, No. 00-158, which declared that the ordinance calling for the election was valid.
Following a hearing on February 13, 2001, the trial judge found that the ordinance was validly enacted. In his reasons for judgment, the trial judge determined *999 that the challenge to the proposition election approving the term limits was preempted by the time limits in La. R.S. 18:1405 D. Furthermore, on the merits, he found that the City did not need legislative approval to adopt the ordinance because it was not prohibited under the Lawrason Act. This was supported by two Attorney General letters. Thus, it was valid before and regardless of any enabling legislation. The trial judge also determined that the ordinance was valid because it expressly stated that, if passed, it would take effect on the day following the 30-day prescriptive period for contesting the Detection results, which was November 20, 1993. Since this was after the effective date of the statute, the trial judge concluded that the ordinance was valid for that reason as well.
On appeal, the Mayor contends that the trial judge erred in finding the matter preempted because the City did not file an exception of prescription/ preemption and the trial judge cannot notice that exception on his own. Second, he contends that the City chose to enact term limits through state legislation. Once it did so, it was mandated to follow the statute which granted the City the authority to adopt an ordinance limiting the number of terms of office for elected officials.
PRESCRIPTION/PREEMPTION
Plaintiff argues that the City did not file an exception of prescription/ preemption and the trial judge cannot notice that exception on his own. Subsequently, the City filed an exception of prescription in this Court pursuant to La.C.C.P. art. 2163. Thus, the issue is properly before us.
La.R.S. 18:1405 provides for the time delays to contest an election. R.S. 18:1405 D states:
D. An action contesting an election submitting a proposition to the voters, except a constitutional amendment or a proposition covered by Subsection E of this Section, shall be instituted within thirty days after the official promulgation of the results of the election.
The language of the statute is clear that the action must be commenced within 30 days after the results of the election are promulgated. This action was not commenced until- seven years later. The action is thus prescribed.
Furthermore, even if the case is not prescribed, the ordinance providing for term limits after approval by the voters is valid, even though it was adopted | fiprior to the effective date of the legislative authorization in R.S. 33:381.1. The parties agree that the Lawrason Act did not prohibit the municipality from calling an election to vote on term limits prior to the enactment of the statute, but simply codified that right. In addition, the term limits as provided for in the ordinance did not go into effect until the day after the time period in which to contest the results of the election had expired. For these reasons, we agree with the trial judge that the City timely placed the election for term limits on the ballot and timely put Ordinance 1046 into effect.
Accordingly, the exception of prescription filed by Defendant is hereby granted and the action by Plaintiff is dismissed with prejudice. Costs of this appeal are to be paid by Plaintiff.
EXCEPTION OF PRESCRIPTION GRANTED; CASE DISMISSED.

. La. R.S. 33:321, et seq.